# United States Court of Appeals
# for the Fifth Circuit

No. 21-60797
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2022

Lyle W. Cayce
Clerk

Har Preet,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 675 759

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Har Preet, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of a denial by the Immigration Judge (IJ) of his application for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT).

We review for substantial evidence. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Preet has not met this standard. The BIA affirmed the IJ's conclusion that he was not credible because his testimony, declaration, and credible fear responses were inconsistent regarding, inter alia, whether and for how long Preet stayed in Delhi after the May and November 2012 attacks and before leaving India, where he stayed while there, and why he continued to receive pay from McDonald's in Punjab during that time; whether and when Preet was a member or a worker for the Mann party; whether Preet was discriminated against because of his caste despite receiving 12 years of education and working at McDonald's rather than in a caste-designated position, whether Preet's invocation of the guru Bhagat Ravi provoked the May 2012 or the November 2012 attack; the extent of his injuries from the November attack; and from which political parties his attackers came, how he knew, and how he was transported to the hospital after each incident. The agency also found that the documentary evidence, particularly as to Preet's injuries, was entitled to little weight and was insufficient to corroborate his accounts of the incidents and his activities. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). The BIA's affirmance of the IJ's credibility determination is supported by "specific and cogent reasons derived from the record," *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination or compel a contrary conclusion, *Singh*, 880 F.3d at 224-25 (internal quotation marks and citation omitted).

The adverse credibility determination is a sufficient ground for the denial of asylum and withholding, *see Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021). Thus, there is no need to consider Preet's remaining

arguments concerning the merits of these claims.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  Although an adverse credibility determination is not necessarily dispositive of a CAT claim, Preet's assertions of eligibility for relief under the CAT are conclusory, and he does not describe or cite any evidence beyond his own testimony that was found to be not credible and the medical letters which the agency determined were entitled to little evidentiary weight.  He therefore fails to show that the record compels a conclusion that he would more likely than not be tortured by or with the acquiescence of a public official if returned to India.  *See Arulnanthy*, 17 F.4th at 597-98.

The petition for review is DENIED.